**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 6:10-CR-17-10 |
| | § | |
| CHRISTIE RENE TULL | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On March 1, 2019, the undersigned held a final hearing in Marshall on the Government's petition (#460 in Case Number 7:14CR231-1 Western District of Texas) to revoke supervised release. The Government was represented by Assistant United States Attorney Alan Jackson. The Defendant, Christie Rene Tull, was represented by Ken Hawk.

Christie Rene Tull was sentenced on December 1, 2010, before The Honorable Michael H. Schneider of the Eastern District of Texas, after pleading guilty to the offense of Possession of a List 1 Chemical, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Christie Rene Tull was subsequently sentenced to 37 months imprisonment to be followed by 2 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, obtaining her high school equivalency, and substance abuse testing and treatment. On November 30, 2012, Christie Rene Tull completed her period of imprisonment and began service of the supervision term.

The defendant's term of supervised release was revoked on August 27, 2013, and she was sentenced to 5 months imprisonment to be followed by a one-year term of supervised release.

On January 1, 2014, the defendant completed her term of imprisonment and began service of the supervision term.

On September 12, 2014, the Western District of Texas accepted jurisdiction in this case.

The defendant's term of supervised release was revoked on November 7, 2014, and she was sentenced to 4 months imprisonment to be followed by a 3-year term of supervised release. On March 1, 2015, the defendant completed her term of imprisonment and began service of the supervision term.

The defendant's term of supervised release was revoked on October 13, 2016, and she was sentenced to 9 months imprisonment to be followed by an 18 months term of supervised release. On April 21, 2017, the defendant completed her term of imprisonment and began service of the supervision term.

On November 21, 2018, the Eastern District of Texas accepted jurisdiction in this case, and the case was reassigned to U.S. District Judge Jeremy D. Kernodle.

On November 26, 2018, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory:</u> The Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows: A warrant was issued in Cherokee County, Texas, for the defendant on July 12, 2018, for Unauthorized Use of a Motor Vehicle (State Jail Felony).

2) <u>Standard</u>: The Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

3) <u>Standard</u>: The Defendant shall notify the probation officer at least ten days prior to

any change of residence or employment. Specifically, the Government alleges as follows: The defendant has absconded from supervision and her whereabouts are unknown.

4) <u>Standard</u>: The Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer. Specifically, the Government alleges as follows: The defendant has absconded from supervision and her whereabouts are unknown.

5) <u>Special</u>: Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The Court scheduled a revocation hearing for March 1, 2019. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pleaded true to Allegation No. 2, absconding supervision, as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of her supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for three months, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of her supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of three months, with no supervised release to follow such term of imprisonment.

At the close of the March 1, 2019 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived her right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 1st day of March, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE